**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

AIR PRODUCTS AND CHEMICALS, INC. and
AIR PRODUCTS MANUFACTURING LLC,

          Plaintiffs,

          v.

John Carter Risley,

          Defendant,

C.A. No. 1:24-cv-01182-JLH-CJB

**REDACTED PUBLIC VERSION -**

**Filed: October 28, 2025**

### DEFENDANT'S MOTION TO COMPEL

Ryan P. Newell (No. 4744)
Lauren Dunkle Fortunato (No. 6031)
Jason W. Rigby (No. 6458)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
rnewell@ycst.com
lfortunato@ycst.com
jrigby@ycst.com

*Attorneys for Defendant John Carter Risley*

October 21, 2025

Dear Judge Burke:

Defendant John Carter Risley ("Defendant") respectfully requests the Court to compel Plaintiffs Air Products and Chemicals, Inc. and Air Products Manufacturing LLC (together "Air Products") to: (1) produce non-privileged documents responsive to Request Nos. 5, 9, 15, 16, 17, 18, 19, 20, and 21 (the "Requests") (Ex. A) for the time period January 1, 2020 to the present, and (2) supplement their responses to Interrogatory Nos. 3, 6, 7, 8, and 10 (the "Interrogatories," and with the Requests, the "Discovery") (Ex. B). The Discovery is relevant to Defendant's affirmative defenses. Air Products has no basis to oppose. Defendant's motion should be granted.

### I.    Background.

Air Products alleges that non-party World Energy defaulted on over $26 million in unpaid invoices and Defendant, under a personal guarantee, is obligated to pay $25 million of that amount. In his affirmative defenses, Defendant maintains Air Products failed to perform its obligations under its agreements with World Energy (thus World Energy is not in breach), thereby excusing any obligation owed by Defendant. (Exs. C, D, E).

Air Products must establish that World Energy—not Defendant—is responsible for the indebtedness it now seeks from Defendant.[1] Air Products seeks significant damages—yet opposes Discovery needed for Defendant's defenses.

### II.    Legal Standard.

While a party may broadly and liberally obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," the "party moving to compel discovery bears the initial burden of establishing the relevance of the requested information."[2] Once relevance is established, the opposing party must show why relevant discovery should not be permitted.[3]

### III.    Defendant Seeks Relevant Information.

*First*, Request Nos. 5 and 9 expressly seek documents concerning World Energy and Air Products' performance of their respective contractual obligations, including documents and communications concerning "allegedly outstanding or unpaid" invoices including any communications between Air Products and World Energy "concerning any [unpaid invoice] and [Air Products'] attempts to collect[.]" Request Nos. 18 and 19 seek documents and

---

[1] *See Artisans' Bank v. Seaford IR, LLC*, 2010 WL 2501471, at *2 (Del. Super. Ct. June 21, 2010) (denying a creditor judgment on the pleadings where guarantor raised issues concerning creditor's substantial performance finding that "a complete record must be established, starting with discovery" as "a guarantor on a loan can assert the violation of the covenant of good faith that was implied in his personal guarantee as a defense to a breach of contract claim") (citing *Daystar Const. Mgmt., Inc. v. Mitchell*, 2006 WL 2053649 (Del. Super. Ct. July 12, 2006)); *Fulgini Orilio & F.LLI S.p.A v. Lettieri*, 2007 WL 1834750, at *1 (E.D.N.Y. June 26, 2007) (denying summary judgment because creditor failed to establish the underlying debt); *but cf. Fanatics Retail Grp. (Dreams), LLC v. Truax*, 2020 WL 7042873, at *3 (D. Del. Dec. 1, 2020) (guarantor admitted underlying debt).

[2] Fed. R. Civ. P. 26(b)(1); *see Thompson-El v. Greater Dover Boys and Girls Club*, 2022 WL 606700, at *2 (D. Del. Jan. 28, 2022).

[3] *Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 12146531, at *2, *4-5 (D. Del. May 8, 2013) (granting-in-part motion to compel where party opposing discovery failed to "explain[] in any further detail what the scope of [the alleged] burden might be" after movant made "a baseline showing of relevance").

communications concerning Air Products' own allegations about "workout discussions with World Energy" and concerning potential financing alternatives, or alternatives in addition to, the personal guarantee that would satisfy the principal's obligations to Air Products.

Similarly, Request Nos. 15–17 and 20–21 seek documents and communications relevant to the alleged triggering of the personal guarantee. Request Nos. 15–17 seek documents and communications: (a) with any person concerning the subject matter in the Demand or the Complaint; (b) concerning Air Products' "decision" to "exit" the World Energy Project, and (c) concerning any change to, or discussion of, Air Products' business strategy. Request Nos. 20–21 seek documents and communications respecting: (a) Air Products' board minutes, materials and communications concerning the World Energy Project, and (b) preparation of financial statements.

For the Requests, Air Products should produce documents from January 1, 2020 to the present. Air Products and World Energy's relationship dates to at least March 2020.

*Second*, Interrogatory Nos. 7, 8, and 10 request that Air Products describe the "facts and circumstances" concerning: (a) its "decision" to "exit" the World Energy Project in February 2025, (b) an activist investor's campaign targeting Air Products, including the campaign's effect or impact on the World Energy Project, and (c) any action Air Products took to not trigger the personal guarantee. Moreover, Air Products, despite amending its response, has failed to provide a detailed narrative response to Interrogatory No. 10 concerning Air Products' contention that it has been harmed by "Defendant's alleged breach of the Personal Guarantee."

Likewise, despite Air Products' allegations that World Energy failed to pay its obligations, thus triggering the personal guarantee, they refuse to respond to Interrogatory No. 3 that seeks a description of "any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning the Personal Guarantee." More specifically, Interrogatory No. 6 relates to a specific alleged guaranteed obligation, seeking a description of "any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning any [invoices] that You allege are outstanding or unpaid." Air Products seeks millions of dollars of damages—it should respond to Interrogatories that go to Defendant's defense.

## IV.    The Discovery Is Proportionate to the Needs of the Case.

In a litigation filed by a $60 billion company seeking $25 million, Defendant's Discovery is proportionate. It is information within Air Products' possession. Air Products objects only that Defendant's defenses are "invalid," and its claims are "undisputed." Air Products has known of Defendant's defenses and Discovery for months and, with depositions and expert discovery in the coming months, should not be permitted to effectively nullify affirmative defenses by refusing relevant discovery.[4]

\*\*\*

The Discovery is relevant to Defendant's defense that Air Products failed to perform its obligation under the agreements (thus World Energy is not in breach), thereby excusing any obligation owed by Defendant.

---

[4] *See AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, 2018 WL 2604825, at *2 (D. Del. June 4, 2018) ("A discovery motion is not a good mechanism for litigating the substance of [a] defense. At this stage of the litigation, [defendant] is entitled to discovery that is reasonably and proportionately directed to its [defense.]").

Respectfully submitted,

*/s/  Ryan P. Newell*

Ryan P. Newell (No. 4744)

cc:    Counsel of Record (by e-mail with exhibits)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AIR PRODUCTS AND CHEMICALS, INC.
and
AIR PRODUCTS MANUFACTURING LLC,

                    Plaintiffs,

                    v.

John Carter Risley,

                    Defendant,

C.A. No. 1:24-cv-01182-JLH-CJB

**[PROPOSED] ORDER GRANTING DEFENDANT'S**
**MOTION TO COMPEL**

IT IS HEREBY ORDERED this _____ day of _____, 2025, the Court having considered Defendant John Carter Risley's Motion to Compel (the "Motion") and any opposition thereto, that the Motion is GRANTED as follows:

Plaintiffs Air Products and Chemicals, Inc. and Air Products Manufacturing LLC (collectively "Air Products") shall within seven calendar days after the entry of this order:

(1) Produce non-privileged documents and communications responsive to Defendant's First Set of Requests for Production to Plaintiffs Nos. 5, 9, 15, 16, 17, 18, 19, 20, and 21 for the relevant time period from January 1, 2020 to the present; and

(2) Supplement their responses to Defendant's First Set of Interrogatories to Plaintiffs Interrogatory Nos. 3, 6, 7, 8, and 10.

_____
Honorable Christopher J. Burke
United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AIR PRODUCTS AND CHEMICALS, INC. and AIR PRODUCTS MANUFACTURING LLC,<br><br>            Plaintiffs,<br><br>     v.<br><br>JOHN CARTER RISLEY,<br><br>            Defendant. | C.A. No. 1:24-01182-JLH-CJB |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION**

expensive.  Air Products further objects to this request as the parties' claims or defenses depend solely on the Personal Guarantee, and its terms speak for themselves.

Subject to and without waiving the foregoing General and Specific Objections, Air Products agrees to produce responsive, non-privileged documents and communications from the relevant period following a reasonable search, if any are located.

**REQUEST NO. 4**

All Documents and Communications Concerning allegedly outstanding or unpaid MFFs, including but not limited to, Your Communications with World Energy concerning any MFF and Your attempts to collect MFFs.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein.  Air Products objects to Request No. 4 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning allegedly outstanding or unpaid MFFs, including those that have no relevance to this Action.  Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive.  Air Products further objects to this request as the parties' claims or defenses depend solely on the notices of default, and their terms speak for themselves.

Subject to and without waiving the foregoing General and Specific Objections, Air Products agrees to produce responsive, non-privileged documents and communications from the relevant period following a reasonable search, if any are located.

**REQUEST NO. 5**

All Documents and Communications Concerning allegedly outstanding or unpaid MOFs, including but not limited to, Your Communications with World Energy concerning any MOF

and Your attempts to collect MOFs.

**<u>RESPONSE:</u>**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 5 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning allegedly outstanding or unpaid MOFs, including those that have no relevance to this Action. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive. Air Products further objects because the MOF payments due under the Master Project Agreement are unrelated to the amounts due under the Personal Guarantee.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

**<u>REQUEST NO. 6</u>**

All Documents and Communications Concerning allegedly outstanding or unpaid Interest Payments, including but not limited to, Your Communications with World Energy concerning any Interest Payment and Your attempts to collect Interest Payments.

**<u>RESPONSE:</u>**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 6 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning allegedly outstanding or unpaid Interest Payments, including those that have no relevance to this Action. Air Products further objects to this Request because it seeks information that is established by agreements already in Defendant's possession, custody, or control, or obtainable from another source that is more

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 8 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning the amount of damages owed under the Personal Guarantee, including those that have no relevance to this Action. Air Products further objects to this Request because it seeks information that is established by agreements already in Defendant's possession, custody, or control, and is duplicative of Requests No. 4, No. 5, and No. 6.

Subject to and without waiving the foregoing General and Specific Objections, Air Products states it is willing to meet and confer with Defendant regarding this request.

**REQUEST NO. 9**

All Documents and Communications Concerning the Complaint's allegations regarding the performance of World Energy and Air Products of their respective obligations under the four agreements (Compl. ¶ 42) on which Defendant's obligations under the Personal Guarantee are based.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 9 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning the Complaint's allegations regarding the performance of World Energy and Air Products of their respective obligations, including those that have no relevance to this Action. Specifically, the Nitrogen Supply Agreement, Hydrogen Supply Agreement, and Master Project Agreement, and "all documents and communications" that concern them are not relevant to this Action. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, and is

duplicative of Request No. 7. Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products states it is willing to meet and confer with Defendant regarding this request.

## REQUEST NO. 10

All Documents and Communications Concerning previous personal guarantees executed by Defendant as described in the Complaint at paragraph 36, including any attempts by Air Products to enforce or collect those personal guarantees.

## RESPONSE:

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 10 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning the Complaint's allegations regarding the performance of World Energy and Air Products of their respective obligations, including those that have no relevance to this Action. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive. Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products agrees to produce responsive, non-privileged documents and communications from the

Products agrees to produce responsive, non-privileged documents and communications from the relevant period following a reasonable search, if any are located.

**REQUEST NO. 14**

All Documents and Communications Concerning the Demand.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 14 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll" documents and communications concerning the Demand, including those that have no relevance to this Action. Air Products further objects to this Request because it seeks information that is publicly available, not in Air Products' possession, custody, or control or already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing General and Specific Objections, Air Products agrees to produce responsive, non-privileged documents and communications from the relevant period following a reasonable search, if any are located.

**REQUEST NO. 15**

All Documents reflecting or relating to Communications with any Person, including any prospective, current or former stockholder, employee, director, client, investor, or lender of Air Products Concerning the subject matters raised in the Demand or the Complaint.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 15 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents beyond those relating to "any" Person, including those with no relevance to this

17

action.  Further, Air Products also objects to this request to the extent that it calls for disclosure of documents subject to the attorney-client privilege, work product doctrine, joint defense and/or common interest privilege, and/or any other legally recognized privilege or immunity that may be applicable under the laws of the United States of America.  Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.  Air Products also objects to this Request to the extent that it is duplicative of Requests No. 10, No. 11, and No. 14.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

### REQUEST NO. 16

All Documents and Communications relating to Air Products' "decision" to "exit" the World Energy Project, as noted in Air Products' Form 8-K filed with the United States Securities and Exchange Commission on February 24, 2025.

### RESPONSE:

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein.  Air Products objects to Request No. 16 as overly broad, unduly burdensome, not proportional to the needs of the case, to the extent it seeks "[a]ll" documents and communications relating to Air Products' decision to exit the World Energy Project, including those that have no relevance to this Action.  Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

**REQUEST NO. 17**

All Documents and Communications Concerning any change to, or discussion of, Air Products' business strategy, including but not limited to its strategy related to energy transition projects.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 17 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for "[a]ll" documents and communications concerning Air Products' business strategy, including those that have no relevance to this Action. Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence. Air Products also objects to this Request to the extent that it is duplicative of Request No. 16.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

**REQUEST NO. 18**

All Documents and Communications Concerning the "workout discussions with World Energy" in "spring 2024" as described in the Complaint at paragraphs 34–41.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 18 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for "[a]ll" documents and communications concerning the "workout discussions with World Energy" in "spring 2024", including those that have no relevance to this Action. Air Products further objects to this request as the party's claims or defenses depend solely on the terms

of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.  Air Products also objects to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing General and Specific Objections, Air Products states it is willing to meet and confer with Defendant regarding this request.

**REQUEST NO. 19**

All Documents and Communications Concerning any potential third-party financing for World Energy as an alternative or in addition to the Personal Guarantee, including but not limited to potential working capital financing.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein.  Air Products objects to Request No. 19 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for "[a]ll" documents and communications concerning the "any potential third-party financing for World Energy as an alternative or in addition to the Personal Guarantee," including those that have no relevance to this Action.  Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive.  Air Products further objects to this request because the term "third-party" is vague, ambiguous, undefined, and may be subject to multiple meanings.  Air Products will interpret the term "third-party" to mean any natural person or entity that is not a party to the Action but is directly relevant to the action.  Air Products further objects to this request, as it purports to require Air Products to product documents not within its possession or custody.  Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products states it is willing to meet and confer with Defendant regarding this request.

**REQUEST NO. 20**

All Air Products board minutes, board materials, and related communications from January 1, 2019 through present, concerning the Project.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein.  Air Products objects to Request No. 20 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for Air Products board minutes, board materials, and related communications concerning the "Project", for which they have not established any relevance to this Action.  Air Products further objects to this request because the term "Project" is vague, ambiguous, undefined, and may be subject to multiple meanings.  Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

**REQUEST NO. 21**

All Documents and Communications Concerning related to Air Products' preparation of financial statements for fiscal years 2020 through present.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein.  Air Products objects to Request No. 21 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for "[a]ll" documents and communications concerning Air Products' preparation of

financial statements since fiscal year 2020, including those that have no relevance to this Action. Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence.

Subject to and without waiving the foregoing General and Specific Objections, Air Products will not produce documents in response to this Request.

**REQUEST NO. 22**

All Documents and Communications that Air Products intends to use, rely on, and/or reference in any briefing and/or hearing in this Action.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Request No. 22 to the extent that it calls for disclosure of documents subject to the attorney-client privilege, work product doctrine, joint defense and/or common interest privilege, and/or any other legally recognized privilege or immunity that may be applicable under the laws of the United States of America. Air Products further objects to this request as the party's claims or defenses depend solely on the terms of the Personal Guarantee, which speak for themselves, are unambiguous and are binding without reference to extrinsic evidence. Air Products also objects to this Request to the extent that it is duplicative of Requests No. 1 through No. 21.

Subject to and without waiving the foregoing General and Specific Objections, Air Products states it is willing to meet and confer with Defendant regarding this request.

**REQUEST NO. 23**

All Documents and/or Communications You reviewed or relied upon in preparing Your responses to any Interrogatories or requests for admission that Defendant serves in this Action.

**RESPONSE:**

22

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AIR PRODUCTS AND CHEMICALS, INC. and AIR PRODUCTS MANUFACTURING LLC, | |
| Plaintiffs, | C.A. No. 1:24-01182-JLH-CJB |
| v. | |
| JOHN CARTER RISLEY, | |
| Defendant. | |

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S
<u>FIRST SET OF INTERROGATORIES</u>**

Products asserts that the signed Personal Guarantee, which specifically provides for "timely" payment obligations, on its face establishes the importance of prompt payment.[1] The Personal Guarantee was signed by Risley, indicating his understanding of the terms contained therein.

## INTERROGATORY NO. 3

Describe any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning the Personal Guarantee including by specifying, for each such communication, the date on which the communication occurred, all participants in the communication, the method of communication (in-person, telephone, etc.), the location of the communication (if in-person), and all material details regarding the content of the communication.

## RESPONSE:

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "any" communications and "all participants" involved, including those that have no relevance to this Action. Indeed, neither the Personal Guarantee, nor the Credit Agreement, contain ambiguity on their face as applied to this litigation and, therefore, extrinsic evidence such as oral communications are not admissible in attempting to modify their terms and, therefore, no such communications are relevant to any party's claims or defenses. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive.

## INTERROGATORY NO. 4

Describe the basis for and Identify all information and documents supporting Your contention that World Energy owes any amount to Air Products that You allege is a Guaranteed Obligation, including without limitation Your efforts to remedy any of the foregoing with World Energy.

---

[1] Personal Guarantee § 2.

Credit Agreement not long after the document was executed. Indeed, World Energy has not made a single monthly interest payment under the Credit Agreement in full and on time and failed to reimburse out-of-pocket expenses incurred by Air Products as and when required by the Credit Agreement. Air Products noticed World Energy of such defaults in letters dated May 6, 2024, June 6, 2024, August 27, 2024, August 28, 2024 (two such letters), September 10, 2024, October 8, 2024 (two such letters), November 8, 2024, December 9, 2024, January 7, 2025, and February 10, 2025. World Energy did not dispute the fact of its debt contemporaneously in response to any of the above-listed letters.

**INTERROGATORY NO. 6**

Describe any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning any MFF, MOF, and/or Interest Payment that You allege is outstanding or unpaid, including by specifying, for each such communication, the date on which the communication occurred, all participants in the communication, the method of communication (in-person, telephone, etc.), the location of the communication (if in-person), and all material details regarding the content of the communication.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "any" communications and "all [] details" concerning outstanding interest payments, including those that have no relevance to this action. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control, or obtainable from another source that is more convenient, less burdensome, or less expensive. Indeed, neither the Personal Guarantee, nor the Credit Agreement, contain ambiguity on their face as applied to this litigation and, therefore, extrinsic evidence such as oral communications are not admissible in attempting to modify their terms and, therefore, no such communications are relevant

1625162329.1

to any party's claims or defenses.

Subject to and without waiving the foregoing General and Specific Objections, Air Products incorporates its response to Interrogatory No. 5. Additionally, Air Products transmitted to Risley (via Federal Express), on October 1, 2024 (to the notice address specified in the Personal Guarantee), a written demand for payment of $25 million, which Risley received on October 3, 2024.

## INTERROGATORY NO. 7

Describe all facts and circumstances Concerning Your "decision" to "exit" the World Energy Project in February 2025 as noted in Air Products' Form 8-K filed with the United States Securities and Exchange Commission on February 24, 2025.

## RESPONSE:

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all facts and circumstances" concerning Air Products' business activities, including those that have no relevance to this Action. The "World Energy Project" and Air Products' exit therefrom do not bear on Risley's amount owed under the Personal Guarantee and therefore are not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing General and Specific Objections, Air Products asserts that disclosures in Air Products' Form 8-K filed with the United States Securities and Exchange Commission on February 24, 2025 are not relevant to this action.

## INTERROGATORY NO. 8

Describe all facts and circumstances Concerning Mantle Ridge's activist campaign that targeted Air Products, including the campaign's effect or impact on the World Energy Project.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 8 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all facts and circumstances" concerning Air Products' business activities, including those that have no relevance to this Action. Mantle Ridge and any of its interactions with Air Products do not bear on Risley's amount owed under the Personal Guarantee and therefore are not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing General and Specific Objections, Air Products asserts that Mantle Ridge's alleged "activist campaign that targeted Air Products" is not relevant to this action.

**INTERROGATORY NO. 9**

Describe the basis for and Identify all information supporting Your contention that Defendant breached the Personal Guarantee, including the specific terms You allege were breached.

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 9 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all information" supporting Air Products' position. Air Products further objects to this Request because it seeks information that is already in Defendant's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Air Products incorporates its responses to Interrogatory No. 5 and Interrogatory No. 6. Air Products further states that Risley is obligated, "after written notice from a Guaranteed Party," to "pay and perform . . . all of the Guaranteed Obligations" upon any Obligor's default. To invoke the Personal

Guarantee, a Guaranteed Party must send Risley a written demand for payment to a specified address. Payment "in United States dollars, in immediately available funds at the account of such Guaranteed Party directed by such Guaranteed Party to Guarantor" is due within five business days of receipt.

Accordingly, on October 1, 2024, Air Products transmitted to Risley (via Federal Express, to the notice address specified in the Personal Guarantee) a written demand for payment of $25 million. Risley received the demand on October 3, 2024. The formula set forth in Section 1(e)(ii) of the Personal Guarantee yields $26,250,946.20—the difference between (x) $36,044,512.00 (the amount indicated in clause (A) of Section 1(e)(ii)) and (y) $9,793,565.20 (representing the "aggregate amount of Net Proceeds that the Guaranteed Parties have realized from Specified Dispositions and applied in accordance with Section 7.3(d) of the Credit Agreement"). There were no funds on deposit in the Debt Service Reserve Account as of the date of the demand, thus satisfying, or rendering moot, the condition set forth in clause (i) of Section 3(b) of the Personal Guarantee. Risley was obligated to pay the amount demanded within five business days of receipt—that is, on or before October 10, 2024. Risley failed to do so and thus has breached his obligations under the Personal Guarantee.

**INTERROGATORY NO. 10**

Describe the basis for and Identify all information and documents supporting Your contention that Defendant's alleged breach of the Personal Guarantee has caused damaged to You, including any actions You undertook to mitigate Your alleged damages

**RESPONSE:**

Air Products incorporates by reference its General Objections and Objections to Definitions and Instructions as though set forth herein. Air Products objects to Interrogatory No. 10 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "all information and documents" concerning the Air Products' position. Air Products

further objects to this Request because it is duplicative of Interrogatory No. 9.

Subject to and without waiving the foregoing General and Specific Objections, Air Products issued the following invoices and default notices to World Energy pursuant to the Credit Agreement and the Master Project Agreement:

| Invoices | | |
|---|---|---|
| Date | Invoice No. | Agreement |
| March 11, 2024 | 427117602 | Master Project Agreement |
| March 31, 2024 | 427342141[II] | Credit Agreement |
| April 1, 2024 | 427364324 | Master Project Agreement |
| April 30, 2024 | 427660215 | Credit Agreement |
| May 1, 2024 | 427680807 | Master Project Agreement |
| May 31, 2024 | 427989385 | Credit Agreement |
| June 1, 2024 | 428009361 | Master Project Agreement |
| June 6, 2024 | 428156621[III] | Master Project Agreement |
| June 17, 2024 | 428197229 | Credit Agreement |
| June 30, 2024 | 428302040 | Credit Agreement |
| July 1, 2024 | 428324477 | Master Project Agreement |
| July 31, 2024 | 428624197 | Credit Agreement |
| August 1, 2024 | 428646542 | Master Project Agreement |
| August 30, 2024 | 428939060 | Credit Agreement |
| September 1, 2024 | 428967280 | Master Project Agreement |
| September 30, 2024 | 429248591 | Credit Agreement |
| October 1, 2024 | 429283686 | Master Project Agreement |
| October 4, 2024 | 429313798 | Master Project Agreement |
| October 31, 2024 | 429581682 | Credit Agreement |
| November 1, 2024 | 429603010 | Master Project Agreement |
| November 7, 2024 | 429645216 | Master Project Agreement |
| November 30, 2024 | 429898578 | Credit Agreement |
| December 1, 2024 | 429917563 | Master Project Agreement |
| December 5, 2024 | 429954592 | Master Project Agreement |
| December 31, 2024 | 430203724 | Credit Agreement |
| January 1, 2025 | 430223313 | Master Project Agreement |
| January 8, 2025 | 430287420 | Master Project Agreement |
| January 31, 2025 | 430518161 | Credit Agreement |
| February 1, 2025 | 430537555 | Master Project Agreement |
| February 11, 2025 | 430617950 | Master Project Agreement |
| February 28, 2025 | 430817518 | Credit Agreement |

[II] Invoice was partially paid on August 9, 2024.

[III] Invoice was partially paid, and the annual insurance premium remains outstanding.

| March 1, 2025 | 430837268 | Master Project Agreement |
| March 6, 2025 | 430876823 | Master Project Agreement |
| April 8, 2025 | 431229197 | Master Project Agreement |
| April 10, 2025 | 431243341 | Master Project Agreement |
| May 8, 2025 | 431542199 | Master Project Agreement |

| Default Notices | | |
|---|---|---|
| Date | Invoice No. | Agreement |
| April 29, 2024 | 427117602 | Master Project Agreement |
| May 6, 2024 | 427342141 | Credit Agreement |
| May 9, 2024 | 427364324 | Master Project Agreement |
| June 6, 2024 | 427660215 | Credit Agreement |
| June 6, 2024 | 427680807 | Master Project Agreement |
| August 28, 2024 | 427989385 | Credit Agreement |
| August 28, 2024 | 428009361 | Master Project Agreement |
| August 28, 2024 | 428197229 | Credit Agreement |
| August 28, 2024 | 428302040 | Credit Agreement |
| August 28, 2024 | 428324477 | Master Project Agreement |
| September 10, 2024 | 428624197 | Credit Agreement |
| September 10, 2024 | 428646542 | Master Project Agreement |
| October 8, 2024 | 428939060 | Credit Agreement |
| October 8, 2024 | 428967280 | Master Project Agreement |
| October 8, 2024 | 429248591 | Credit Agreement |
| November 8, 2024 | 429283686 | Master Project Agreement |
| November 13, 2024 | 429313798 | Master Project Agreement |
| November 8, 2024 | 429581682 | Credit Agreement |
| December 9, 2024 | 429603010 | Master Project Agreement |
| December 12, 2024 | 429645216 | Master Project Agreement |
| December 9, 2024 | 429898578 | Credit Agreement |
| January 7, 2025 | 429917563 | Master Project Agreement |
| January 7, 2025 | 429954592 | Master Project Agreement |
| January 7, 2025 | 430203724 | Credit Agreement |
| February 10, 2025 | 430223313 | Master Project Agreement |
| February 10, 2025 | 430287420 | Master Project Agreement |
| February 10, 2025 | 430518161 | Credit Agreement |

Further, Air Products states that it is not possible to mitigate damages in this case as Air Products is owed a monetary obligation that has not been paid.

## REQUEST NO. 11

Identify each Document You reviewed or relied upon in preparing Your responses to these

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

AIR PRODUCTS AND
CHEMICALS, INC. and
AIR PRODUCTS
MANUFACTURING LLC,

                Plaintiffs,

      v.

JOHN CARTER RISLEY,

                Defendant.

C.A. No. 1:24-01182-JLH

<u>**DEFENDANT'S ANSWER TO COMPLAINT**</u>

Defendant John Carter Risley ("Defendant") submits his Answer to Plaintiffs Air Products and Chemicals, Inc. and Air Products Manufacturing LLC's Complaint filed on October 22, 2024. Any allegation not specifically admitted is denied. All capitalized terms not defined herein shall have the meanings ascribed by the Complaint; however, Defendant, by using such defined terms, does not admit to any allegations made by Plaintiffs in connection with such definitions or terms.

**SUMMARY OF THE ACTION**

1.      Defendant admits that the Complaint alleges breach of contract, that World Energy operates in the sustainable fuel industry, and that Defendant is an indirect investor in World Energy. Defendant further admits that the Complaint purports to seek an order of specific performance, or in the alternative, an award of money damages, but Defendant denies that Plaintiffs are entitled to any such relief. The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required, but to the extent a response is required, Defendant denies the remaining allegations in this paragraph.

1

of this paragraph sets forth argument and legal conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations in this paragraph.

67.     This paragraph sets forth argument and legal conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations in this paragraph.

68.     This paragraph sets forth argument and legal conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations in this paragraph.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs and legal conclusions to which no response is required. Defendant denies any allegations contained in the Prayer for Relief to which a response is required.

Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted or otherwise responded to above. Defendant further denies that Plaintiffs are entitled to any relief whatsoever of any kind against Defendant as a result of any act of Defendant or any person or entity acting on behalf of Defendant.

## AFFIRMATIVE DEFENSES

Defendant, without assuming any burden of proof he would otherwise have, asserts the following defenses. To the extent any of the defenses, in whole or in part, relates to or negates an element of Plaintiffs' claims, Defendant in no way relieves Plaintiffs of their burden on that element. All defenses are pled in the alternative and do not constitute an admission of liability or that the Plaintiffs are entitled to any relief whatsoever. Defendant reserves any and all rights under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims as

additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred because World Energy is not in breach of the agreements on which Defendant's obligations under the Personal Guarantee are entirely based. Since World Energy did not fail to perform its obligations under those agreements and has disputed all allegedly due amounts in accordance with the terms of those agreements, Defendant has no payment obligation under the Personal Guarantee.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no damage, injury, or loss and, to the extent Plaintiffs have suffered any loss, they have failed to mitigate any damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or part, based on their failure to perform obligations under written agreements, and because such failure was substantial, material, and struck at the essence of the respective agreements.

14

**WHEREFORE**, Defendant respectfully requests the Court enter judgment in his favor and dismiss the Complaint with prejudice in its entirety, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ryan P. Newell*
Ryan P. Newell (No. 4744)
Jason W. Rigby (No. 6458)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rnewell@ycst.com
jrigby@ycst.com

Dated: April 21, 2025

*Attorneys for Defendant John Carter Risley*

15

# EXHIBIT D

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**CHARLOTTE**
CARILLON TOWER

**Lauren Dunkle Fortunato**
P 302.571.6624
lfortunato@ycst.com

August 25, 2025

**VIA EMAIL**

Thomas Allen, Esq.
thomas.allen@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Re:     *Air Products and Chemicals, Inc. et al v. Risley*,
        C.A. No. 1:24-cv-01182-JLH-CJB
        re: Air Products' Deficient Discovery Responses

Dear Tom:

On behalf of Defendant John Carter Risley ("Defendant" or "Mr. Risley"), I write to address several deficiencies in Plaintiffs Air Products and Chemicals, Inc. and Air Products Manufacturing LLC's (together "Air Products") Responses and Objections to Defendant's First Set of Requests for Production (the "RFP Responses") and Responses and Objections to Defendant's First Set of Interrogatories (the "Interrogatory Responses," and together with the RFP Responses, the "Discovery Responses"), each dated and served on August 11, 2025.[1]  In light of the upcoming October 17, 2025 substantial document production deadline—which Air Products requested—it is essential that Air Products cure the below noted deficiencies as soon as possible. Accordingly, we are providing this letter in advance of our meet and confer on August 27, 2025, so that Air Products can be prepared to provide substantive responses at that time.

As further detailed below, Air Products wrongly refuses to produce relevant discovery regarding: (a) information directly relevant to Mr. Risley's Affirmative Defenses, (b) its factual allegations and legal claims in the Complaint, and (c) its calculation of damages and damages related information.  Each of these topics is well within the proper scope of discovery.  *See Am. Bottling Co. Inc. v. Vital Pharms., Inc.*, 2021 WL 9599683, at *1 (D. Del. Sept. 27, 2021) (quoting Fed. R. Civ. P. 26(b)(1)) ("Generally, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'");

---

[1] Terms not defined herein are given the same meaning as stated in Defendant John Carter Risley's First Set of Requests for Production Directed to Air Products and Defendant John Carter Risley's First Set of Interrogatories Directed to Air Products.

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 2

*see also id*. ("For the purposes of discovery, relevancy is broadly construed." (internal quotation marks omitted)).

Further, Air Products—without any basis—refuses to produce information or documents pre-dating November 1, 2023.  Air Products alleges that its relationship with World Energy began with the March 29, 2020 Renewable Fuels Supply and Servicing Agreement and the World Energy Project.  Since Air Products alleges that Mr. Risley's obligations under the Personal Guarantee were triggered by breaches by World Energy of its obligations owed to Air Products in connection with the World Energy Project, a relevant time period for discovery of January 1, 2020 to the present is reasonable and appropriate.

I.      **Information Relevant to Mr. Risley's Affirmative Defenses.**

Throughout the RFP Responses and Interrogatory Responses, Air Products refuses to produce information plainly relevant to Mr. Risley's stated Affirmative Defenses.  This includes information and documents sought regarding Mr. Risley's affirmative defenses that Air Products' "claim is barred because World Energy is not in breach of the agreements on which Defendant's obligations under the Personal Guarantee are entirely based" (First Affirmative Defense) that Air Products' "claim is barred, in whole or part, based on their failure to perform obligations under written agreements, and because such failure was substantial, material, and struck at the essence of the respective agreements" (Sixth Affirmative Defense), and that Air Products "sustained no damage, injury, or loss and, to the extent Plaintiffs have suffered any loss, they have failed to mitigate any damages" (Fifth Affirmative Defense).

In other words, as part of his defense to Air Products' claim, Mr. Risley argues that World Energy is not in breach of the agreements on which his obligations under the Personal Guarantee are entirely based.  Consequently, Mr. Risley's obligation has not properly been triggered.  Documents and information responsive to the Requests and Interrogatories are relevant to Air Products' allegations that "at least $26 million in Guaranteed Obligations were overdue," thus triggering Mr. Risley's obligations under the Personal Guarantee.  *See* Compl. ¶¶ 4, 51–57; *see id*. ¶33 (claiming a $26,139,887.71 "overdue payment obligation" for an "Interest," "Legal Fees," MFFS and an MOF).  This information also relates to the underlying events allegedly triggering the Personal Guarantee and may be probative or tend to show that World Energy was not in breach of the agreements upon which Mr. Risley's obligations under the Personal Guarantee are based.  Mr. Risley is entitled to discover this information.

Request Nos. 5, 9, 15, 16, 17, 18, 19, 20, 21 and Interrogatory Nos. 7, 8 and 10 each seek information and documents relevant to Mr. Risley's Affirmative Defenses, and Air Products has no basis to object to producing non-privileged information and documents responsive to these discovery requests.

Request No. 9 expressly seeks documents concerning World Energy and Air Products' performance of their respective contractual obligations upon which the Personal Guarantee is based.  More specific, Request No. 5 seeks documents and communications concerning "allegedly outstanding or unpaid MOFs," including any communications between Air Products and World Energy "concerning any MOF and [Air Products'] attempts to collect MOFs."  Request Nos. 18 and 19 request documents and communications concerning Air Products own allegations about

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 3

"workout discussions with World Energy" and concerning potential financing alternatives, or alternatives in addition to, the Personal Guarantee.

Similarly, Request Nos. 15–17 and 20–21 and Interrogatory Nos. 7, 8 and 10 seek information relevant to the alleged triggering of the Personal Guarantee. Request Nos. 15–17 seek documents and communications: (a) with any person concerning the subject matter in the Demand or the Complaint; (b) concerning Air Products' "decision" to "exit" the World Energy Project, and (c) concerning any change to, or discussion of, Air Products' business strategy. Along the same lines, Interrogatory Nos. 7, 8, and 10 request that Air Products describe the "facts and circumstances" concerning: (a) its "decision" to "exit" the World Energy Project in February 2025, (b) Mantle Ridge's campaign targeting Air Products, including the campaign's effect or impact on the World Energy Project, and (c) any action Air Products took to not have the Personal Guarantee be triggered. Finally, Request Nos. 20-21 seek documents and communications respecting: (a) Air Products' board minutes, materials and communications concerning the Project, and (b) preparation of financial statements.

This information is relevant to Mr. Risley's affirmative defenses, including Air Products' failure to perform its obligations under written agreements and the lack of Defendant's payment obligation under the Personal Guarantee because World Energy performed as required under the written agreements.

## II.    Information Relied Upon by Air Products In Support of its Factual Allegations and Legal Claims in the Complaint.

Air Products cannot shield from discovery the documents that serve as the basis for its claims. Indeed, the Federal Rules contemplate production of such basic documents without a party even serving a discovery request. Fed. R. Civ. P. 26(a)(1)(A)(ii) ("a party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents [it] may use to support its claims").

Yet, Air Products refuses to produce documents and information in response to discovery requests targeting this basic information. Request Nos. 11 and 12 simply seek documents that support or disprove any Complaint allegations, including any documents relied upon by Air Products in preparing the Complaint. Request Nos. 22 and 23 call for all documents and communications Air Products intends to use, rely on, or reference at any trial or hearing, and all documents and communications Air Products reviewed or relied upon in responding to the Interrogatories.

Air Products alleges that World Energy failed to pay the Guaranteed Obligations, triggering the Personal Guarantee, but refuses to respond to Interrogatory No. 3 that seeks a description of "any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning the Personal Guarantee." At a more specific level, Interrogatory No. 6 relates to a specific alleged Guaranteed Obligation, seeking a description of "any oral communications between Air Products, on the one hand, and Defendant or World Energy, on the other hand, Concerning any MFF, MOF, and/or Interest Payment that You allege is outstanding or unpaid."

Air Products has no basis to refuse to respond to these discovery requests.

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 4

**III.    Information Regarding Air Products' Calculation of Amounts Allegedly Owed by Mr. Risley**.

Air Products alleges that Mr. Risley must pay Air Products $25,000,000 under the Personal Guarantee but refuses to respond to discovery requests seeking information on how Air Products calculated that amount.  Discovery into damages related information is within the broad scope of permissible discovery.  *See Personal Audio, LLC v. Google, LLC*, 2018 WL 4502002, at *2 (D. Del. Sept. 20, 2018) (granting in part motion to compel "damages related information").

Request Nos. 7 and 8 seek relevant damages related information.  Request No. 8 goes to the amount allegedly owed by Mr. Risley under the Personal Guarantee and Request No. 7 seeks documents explaining how Air Products arrived at that amount, i.e. documents concerning "the amounts You allege are owed by World Energy and within the Guaranteed Obligations."

Similarly, Interrogatory No. 10 seeks a detailed narrative response concerning Air Products' contention that it has been harmed by "Defendant's alleged breach of the Personal Guarantee."  Air Products' response to Interrogatory No. 10 is wholly deficient as it provides no information beyond referring Mr. Risley to the Complaint.  Air Products cannot avoid answering the Interrogatory by improperly referring Defendant to the Complaint.  *See In re Wilmington Tr. Sec. Litig.,* 2017 WL 2457456, at *2. (D. Del. June 6, 2017) (granting motion to compel and finding plaintiffs' interrogatory responses "inadequate under Rule 33(b)(3) to the extent that they rely on allegations in the fourth amended complaint and deposition testimony"); *see also Stabilus, A Div. of Fichtel & Sachs Indus., Inc. v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 263 (E.D. Pa. 1992) ("An answer [to an interrogatory] should be complete in itself and should not refer to the pleadings.").  Moreover, Air Products does have a duty to mitigate its damages and provides no legal support contrary to that basic legal principle.  *Brzoska v. Olson,* 668 A.2d 1355, 1367 (Del. 1995) ("A party has a general duty to mitigate damages if it is feasible to do so."); *LG Elecs. Inc. v. Invention Inv. Fund I, L.P.*, 2024 WL 4675050, at *8 (Del. Super. Sept. 25, 2024) ("It is a basic principle of contract law that a party suing for breach of contract must mitigate damages once a breach occurs."); *Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138, at *5 (D. Del. Oct. 23, 2002) (denying the motion to quash the subpoena *duces tecum* because information sought "may provide the defendants with evidence of Cash Today's failure to mitigate damages, or the damages resulting from any breach of contract on Cash Today's part").

**IV.    Improper Objections**

Throughout its Discovery Responses, Air Products asserts both vague general and specific objections, objections that are an improper basis to refuse to produce information and objections where it is not clear whether Air Products is relying upon the objection to withhold information or documents.

<u>Boilerplate General Objections</u>

As an overall deficiency, Air Products relies upon boilerplate objections that fail to make clear whether Air Products is withholding information and documents based upon those objections.

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 5

*See Crozer-Chester Med. Ctr. v. Nat'l Lab. Rels. Bd.*, 976 F.3d 276, 292 (3d Cir. 2020) ("Rule 34 provides that a responding party has the obligation to 'state whether any responsive materials are being withheld' and state the reason or reasons why."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (explaining that "the party resisting discovery 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive'").

For example, and without limitation, Air Products' General Objection No. 3 in the RFP Responses objects to the Requests "to the extent that they are overly broad and unduly burdensome, and to the extent that they seek documents or information irrelevant to the claims or defenses of any party, or the production of which is not proportional to the needs of the case." Similarly, General Objection Nos. 3 and 4 in the Interrogatory Responses objects to the Interrogatories "as overbroad and unduly burdensome" and "to the extent that they seek documents or information that are not relevant to any party's claims or defenses in this action." These boilerplate objections are meritless. *See Josephs*, 677 F.2d at 992; *Crozer-Chester Med. Ctr.*, 976 F.3d at 292.

Similarly, Air Products' General Objection No. 2 in its Discovery Responses objects to the Requests "to the extent that they can be construed to call for information or documents protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, confidentiality orders or implied undertakings in other actions, or any other applicable privilege, immunity, doctrine, or right of privacy." Air Products must produce a privilege log if withholding documents or information on these grounds but does not state whether it will do so. *See Int'l Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 93-94 (D. Del. 1974) (setting forth privilege log requirements for documents withheld on the basis of privilege). Further, Air Products fails to articulate what "confidentiality orders or implied undertakings in other actions" or what "right of privacy" would prohibit the production of responsive, non-privileged materials or information in this action.

Kindly confirm that Air Products is not withholding documents or information based on its General Objections. If Air Products intends to withhold documents in response to any specific Request or Interrogatory based on any General Objection, please identify the specific Request or Interrogatory and explain why the General Objection applies to that Request or Interrogatory.

<u>Improper Objections</u>

In response to Request Nos. 3, 4–10, 14, and 19 and Interrogatory Nos. 3, 6 and 9, Air Products objects on the grounds that the materials sought are or may already be "in Defendant's possession, custody, or control." That the requesting party may already have "possession, custody, or control" of documents requested is not grounds to refuse to produce the documents. *See* Fed. R. Civ. P. 34(a)(1); *see also Butz v. Lawn Unlimited Ltd.*, 2007 WL 9811132, at *2 (D. Del. July 25, 2007) (explaining that "[a] party must produce relevant information and documents in its possession, regardless if he or she believes the information is already possessed by or available to the requesting party").

In response to Request Nos. 6, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22 and 23 and Interrogatory No. 1, Air Products objects on the grounds that the parties' "claims or defenses

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 6

depend solely on the terms of the Personal Guarantee, which speak for themselves, [and] are unambiguous and are binding without reference to extrinsic evidence." In response to Interrogatory Nos. 3 and 6, Air Products objects on the grounds that "neither the Personal Guarantee, nor the Credit Agreement, contain ambiguity on their face as applied to this litigation and, therefore, extrinsic evidence such as oral communications are not admissible[.]" These objections lack merit on multiple grounds.

*First*, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to *any* party's claim or defense and proportional to the needs of the case[.]" Neither the Federal Rules nor the Local Rules bar the discovery that Mr. Risley seeks, including information concerning oral communications about subjects relevant to the claims and defenses in this action. *Second*, Air Products conflates "relevancy" in discovery with "admissibility" at trial. As explained above, Mr. Risley seeks documents and information in discovery that are plainly relevant to his affirmative defenses. If Air Products' position is that the Personal Guarantee is unambiguous thus requiring unconditional payment, it may pursue that theory at trial. However, it is improper grounds to resist production of information relevant to Mr. Risley's affirmative defenses during discovery. "Information within this scope of [relevant] discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

In response to Request Nos. 7–9, 11–12, 15, 17–18, 22–23 and Interrogatory No. 10, Air Products objects on grounds of duplication with other discovery requests. To the extent Air Products believes a Request or Interrogatory is duplicative, please explain how. Regardless, "[t]he mere existence of overlap and some duplication is insufficient to preclude the discovery sought." *Thomas v. City of New York*, 336 F.R.D. 1, 2 (E.D.N.Y. 2020).

Finally, in response to Request No. 12, Air Products objects on the grounds that "it makes factual presumptions concerning Air Products' purported source documents and therefore presumes documents exist without a sufficient basis to do so." Air Products' response to Request No. 12 fails to explain what "factual presumptions" have been made or how Air Products intends to limit its production of documents in response to Request No. 12 based upon these "factual presumptions."

Please either confirm that Air Products will not withhold documents pursuant to any of these objections or, if Air Products intends to withhold documents based on these objections, explain the basis for such withholding.

<u>Interrogatory No. 4</u>

Air Products relies upon a clear typographical error in Interrogatory No. 4 to avoid providing a substantive answer. To clear any ambiguity, Interrogatory No. 4 should read:

Describe the basis for and Identify all information and documents supporting Your contention that **World Energy** owes any amount to **Air Products** that You allege is a Guaranteed Obligation, including without limitation Your efforts to remedy any of the foregoing with World Energy.

Young Conaway Stargatt & Taylor, LLP
Thomas Allen, Esq.
August 25, 2025
Page 7

     In the context of this litigation and the dealings between Air Products and World Energy, the intended meaning of Interrogatory No. 4 was clear notwithstanding the typographical error in in the original Interrogatory. *See Derry Finance N.V. v. Christiana Cos., Inc.*, 102 F.R.D 892, 896 (D. Del. 1984) (granting defendant's motion to compel and rejecting objection that the request was "ambiguous" due to an uncorrected typographical error that altered the substantive meaning of the request because "in the context of this litigation and the dealings between opposing counsel the intended meaning of the subpoena has been made perfectly clear"). Please supplement Air Products response.

Refusal to Meet and Confer

     In RFP Response Nos. 5, 15–17, and 20–21, Air Products simply states that "it will not produce documents," without offering to meet and confer with Mr. Risley regarding the Requests. Please confirm whether Air Products is refusing to meet and confer regarding these Requests.

*    *    *

     We look forward to discussing the above during the parties' meet and confer scheduled for Wednesday, August 27, 2025, at 2 p.m. ET.  Defendant reserves all rights, including raising additional deficiencies with Air Products' Discovery Responses.

                    Sincerely,
                    */s/ Lauren Dunkle Fortunato*
                    Lauren Dunkle Fortunato

cc:  Paul Lockwood, Esquire
     Ryan P. Newell, Esquire
     Jason W. Rigby, Esquire
     Alyssa T. McKeever Atkisson, Esquire

# EXHIBIT E



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@us.dlapiper.com
T  212.335.4942
F  212.884.8642

October 2, 2025
*VIA E-MAIL*

Lauren Dunkle Fortunato, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
lfortunato@ycst.com

Re:    *Air Products and Chemicals, Inc. et al v. Risley*, C.A. No. 1:24-cv-01182-JLH-CJB

Counsel:

On behalf of Plaintiffs Air Products and Chemicals, Inc. ("APCI") and Air Products Manufacturing LLC ("APM" and together, "Air Products"), we write in response to Defendant John Carter Risley's ("Defendant") August 25, 2025 letter (the "Letter"). We also understand that the parties participated in an August 27, 2025 telephone conference (the "Meet and Confer") prior to our recent appearance in this case.

As you know, subject to limitations detailed below, Air Products has agreed to produce certain discovery relevant to the breach of the Personal Guarantee, and its calculation of damages on or before October 17, 2025. Air Products objected to Defendant's other discovery requests, including those relating to its First, Fifth, and Sixth affirmative defenses. Discovery relating to these defenses is irrelevant and disproportionate, and thus beyond the proper scope of discovery. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense *and proportional to the needs of the case.*") (emphasis added). These affirmative defenses assert that non-party "World Energy is not in breach of the agreements" and that Air Products' "claim is barred . . . based on their failure to perform obligations" under their agreements with World Energy and that Air Products somehow failed to mitigate their damages from Defendant's breach. Letter at 2.[1] Since these defenses do not excuse Defendant's breach or impact the relevant damages calculation in any way, Air Products stands on these objections.

---

[1]    For ease of reference herein, World Energy, LLC, World Energy Los Angeles, LLC and AltAir Paramount, LLC will collectively be referred to as "World Energy."



Lauren Dunkle Fortunato, Esq.
Page Two

**I.    Defendant Seeks Discovery to Support Facially Invalid Affirmative Defenses (_See_ Letter, Item I)**

Defendant claims that his First, Fifth, and Sixth affirmative defenses warrant expanded discovery to show that non-party "World Energy is not in breach of the agreements," that Defendant need not honor the Personal Guarantee because Air Products failed to perform under their agreements with World Energy, and that Air Products "sustained no damage, injury, or loss." Letter at 2.[2]  A simple review of the timeline of events and the plain terms of the contracts shows that these defenses are invalid and do not support the expansive discovery that Defendant is seeking.

_First_, there can be no dispute that World Energy breached its contractual obligations to Air Products—World Energy admitted this fact in the July 10, 2024 Forbearance Agreement.  The November 14, 2023 Credit Agreement obligates World Energy to make monthly interest payments to Air Products on the last calendar day of each month after signing.  (Complaint, ¶ 26.)  Similarly, the Master Project Agreement ("MPA")—signed the same day—obligates World Energy to make monthly payments for each month following the signing of the agreement to reimburse Air Products for fixed and operating costs.  (_Id._ ¶ 22.)  Those payments, indisputably, were not made. Because of its repeated failure to make required payments, World Energy owed $18,910,000 in overdue payment by July 2024 and admitted that it had defaulted on that amount in the July 10, 2024 Forbearance Agreement.[3]  World Energy also admitted that "further Events of Default under Section 8(b) of the Credit Agreement [will] occur as a result of the Borrower's anticipated failure to pay in full." Forbearance Agreement at 1.01(c)(ii).  World Energy further acceded to the interest rates that Air Products had been applying to overdue Credit Agreement and MPA payments and agreed that such interest would continue to accrue through the forbearance period.  _Id._ at 1.02(c). These admitted defaults led to Defendant's unconditional Personal Guarantee.  _Id._ at 12(c).

_Second_, Defendant signed his Personal Guarantee on July 24, 2024, guaranteeing the overdue payments and future additional debt that would accrue up to $25 million and "waiv[ing] and relinquish[ing] all rights and remedies accorded by applicable law to sureties or guarantors," including, without limitation, various specifically enumerated suretyship defenses. _Id_. § 11.  These waivers are valid and common. _See, e.g., Fanatics Retail Grp. (Dreams), LLC v. Truax,_ No. CV 20-0794-MN, 2020 WL 7042873, at *5 (D. Del. Dec. 1, 2020) (enforcing waiver of defenses provision in unconditional guaranty).  On September 19, 2025, the New York Supreme Court rejected this very same argument from World Energy and granted Air Products' motion to enforce

---

[2]    For ease of reference herein, World Energy, LLC, World Energy Los Angeles, LLC and AltAir Paramount, LLC will collectively be referred to as "World Energy."

[3]    Incorporated by reference in the Complaint at, _e.g._, ¶ 39.



Lauren Dunkle Fortunato, Esq.
Page Three

World Energy's parent company's Guaranty.  Defendant's attempt to make the same argument in a different court will similarly fail.

*Third*, Defendant cannot reasonably assert that Air Products has suffered no losses or failed to mitigate them.  After the forbearance period ended, Air Products took steps to enforce its rights and sent Defendant a demand letter for $25 million on October 1, 2024.  (Complaint ¶ 7.)  The demand letter also set forth a calculation of overdue amounts that, since July 2, 2024, had grown to exceed $25 million.  Under the terms of the Personal Guarantee, Defendant was obligated to pay by October 10, 2024.  He did not do so and now owes Air Products for all damages.

For these reasons, among others, there is no likelihood that Defendant may prevail on those affirmative defenses, and therefore the associated discovery requests are disproportionate to the needs of the case.  *See U.S. Bank Nat'l Ass'n v. Stevens, Tr. of Heather Michele Stevens Tr.*, No. K24L-12-030-NEP, 2025 WL 1139329 (Del. Super. Ct. Apr. 17, 2025) (denying discovery where the information sought would have "no possible bearing on the subject matter of the action" because Defendant's claimed defense was not valid, and her justification for seeking the specific discovery was likewise invalid).

**II.    Defendant's Specific Requests**

> A.    <u>Request Nos. 1(d)-(e) and 5 and Interrogatory No. 10</u>

In response to Request Nos. 1(d) and 5, Air Products will produce invoices and notices of default sent to World Energy pursuant to the Credit Agreement and the MPA.[4]  Air Products will also supplement its response to Interrogatory No. 10 to identify invoices and default notices sent to World Energy pursuant to the Credit Agreement and the MPA, no later than October 20, 2025.

With respect to Request No. 1(e), Defendants' understanding of the importance of prompt payment is established by the plain terms of the Personal Guarantee, including the commitment to make payment within five (5) days of a written demand.  In its answer, Defendant admitted to executing the Personal Guarantee and further confirmed that it "speaks for itself."  Ans. ¶ 5-6, 19-20, 39, 42-45, 47-50, 57.  We agree.

---

[4]    All offers to produce documents in this letter are subject to the reservation that Air Products will provide documents only to the extent they exist, are in Air Products' possession, can be located after a reasonably diligent search, and are not subject to an applicable privilege.



Lauren Dunkle Fortunato, Esq.
Page Four

B.     Request Nos. 9, 15, 16, 17, 18, 19, 20, 21 and Interrogatory Nos. 7 and 8

Air Products stands on its objections to Request Nos. 9, 15, 16, 17, 18, 19, 20, 21 and Interrogatory Nos. 7 and 8. These requests are beyond the scope of discovery because they seek irrelevant information that is not proportionate to the needs of this case.

While the scope of discovery may be broadly construed, it is not without limits—the information sought must be relevant *and* proportional to the needs of the case. *Cornelious v. Detectives Macnamara*, No. CV 23-659-GBW, 2025 WL 2320489, at *1 (D. Del. Aug. 12, 2025) ("[W]hile it is well-settled that the scope of discovery is broad, it is not without limits."). The proportionality requirement is meant to "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant bears the burden of demonstrating the relevance of the information sought, and he has failed to do so. *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009) ("Once an objection is raised as to relevancy, the party seeking discovery bears the burden of demonstrating the relevance of the sought information to either the claims, defenses, or the subject matter of the litigation"). The discovery Defendant seeks is irrelevant because, as discussed *supra*, Defendant's obligation is final, and "there is no limitation on the right of the creditor to bring an action directly against the guarantor when the principal commits a default," *Fanatics Retail Grp. (Dreams), LLC v. Truax,* No. CV 20-0794-MN, 2020 WL 7042873, at *3 (D. Del. Dec. 1, 2020), which, here, is undisputed. *See also Ajax Rubber Co. v. Gam*, 151 A. 828, 830 (Del. Super. 1923) (stating that in an absolute guaranty, "the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity").

Regarding Request No. 9, the Nitrogen Supply Agreement and the Hydrogen Supply Agreement referenced in the Complaint for background and not related to the legal claims asserted in this litigation. Rather, the entirety of Defendant's debt owed under the Personal Guarantee (as demanded on October 1, 2024) was based on missed payments owed under the MPA and Credit Agreement, facts that are not in dispute. Nonetheless, in order to avoid any disputes over this request, Air Products will produce these agreements on or before October 17, 2025.

Request Nos. 15–17 and Interrogatory No. 7 likewise seek irrelevant information. Defendant's obligations under the Personal Guarantee are unconditional and were triggered solely by World Energy's default under the Credit Agreement and the MPA. Information about: (a) Air Products' communications with any person concerning the subject matter in the Demand or the Complaint, (b) Air Products' "decision" to "exit" the World Energy Project, and (c) Air Products' business strategy have no bearing on Defendant's obligations under the Personal Guarantee.



Lauren Dunkle Fortunato, Esq.
Page Five

Request Nos. 20–21 and Interrogatory No. 8 also seek irrelevant information. Air Products' board minutes, materials and communications concerning the World Energy Project have no impact on Defendant's unconditional and acknowledged obligations. Further, documents and communications respecting Air Products' preparation of financial statements are also irrelevant to Defendant's failure to honor his obligations under the Personal Guarantee. Similarly, Interrogatory No. 8 about an alleged "activist campaign that targeted Air Products" seeks information far afield to any issue related to this action.

## III.    <u>Requests Regarding Information Relied Upon by Air Products (*See* Letter, Item II)</u>

In response to Request Nos. 1(e), 11 and 12, Air Products agreed to produce responsive, non-privileged documents in its possession as such documents are entered into the record. In response to Request Nos. 22 and 23, Air Products agreed to produce documents relied upon in Court filings thus far in this matter and will produce responsive, non-privileged documents in its possession as such documents are entered into the record.

## IV.    <u>Requests Regarding Oral Communications (Item II)</u>

Air Products stands by its objections to Interrogatory Nos. 3 and 6. Neither the Personal Guarantee, nor the Credit Agreement, nor the MPA contain ambiguity as applied to this litigation – and Defendant has not identified one. Where a contract is unambiguous, as is the case here, extrinsic evidence to vary the terms of the contract is inadmissible. Moreover, the terms of these agreements make clear that they cannot be modified by oral communications. Consequently, these discovery requests have no bearing on Air Products' ability to enforce the Personal Guarantee.

## V.    <u>Requests Regarding Damages (*See* Letter, Item III)</u>

In response to Request Nos. 7 and 8, Air Products will produce invoices, default notices sent to World Energy pursuant to the Credit Agreement and the MPA, and information sufficient to support Air Products' damages calculations no later than October 17, 2025. As stated above, Air Products will supplement its response to Interrogatory No. 10 to identify invoices and default notices sent to World Energy pursuant to the Credit Agreement and the MPA on or before October 20, 2025.

Discovery purportedly related to mitigation of damages is irrelevant and not proportional for this case. As a preliminary matter, Air Products did not have an obligation to mitigate its damages, and the cases cited by the Defendant are inapplicable. This is an action to enforce an absolute personal guaranty and Air Products' right to recover from Defendant is not dependent on efforts to mitigate damages. *See Ajax Rubber Co. v. Gam*, 151 A. 828, 830 (Del. Super. 1923) ("[W]here the guaranty is one of payment and not one of collectability, that it is not necessary for the plaintiff to allege and prove diligence on the part of a creditor against the principal debtor.").



Lauren Dunkle Fortunato, Esq.
Page Six

Indeed, Air Products' only remedy to pursue an unpaid debt is to attempt to collect from the debtor and any guarantors. The only way to mitigate Air Products' damages is for Defendant to pay what he owes.

Moreover, the terms of the Personal Guarantee place no duty on Air Products to mitigate damages. To the contrary, Defendant is liable for the Guaranteed Obligations "as a primary obligor and not as a surety," and the Personal Guarantee constitutes "a guarantee of payment and performance and not of collection." Personal Guarantee § 2, 3(a). As such, Air Products need not "enforce or exhaust any right or remedy or take any action against any Obligor or any other person or entity or any collateral before proceeding against" Defendant under the Personal Guarantee. *Id.* § 3(a).

## VI.    Defendant's Misplaced Complaints About Air Products' Objections (*See* Letter, Item IV)

Defendant makes various allegations about Air Products' general objections that are red herrings or lack merit.

*First*, Air Products has always intended to produce a privilege log pursuant to its obligations under Rule 26 to the extent that any responsive documents are withheld based on privilege assertions. We trust that Defendant will do the same.

*Second*, the fact that Defendant has possession of the same information it is requesting *is* a proper basis for objection by Air Products. In considering the burden of discovery, Rule 26 requires considering the "parties' relative access to relevant information." Fed. R. Civ. P. 26(b)(1); *see also Novanta Corp., v. Iradion Laser, Inc.*, No. CV 15-1033-SLR-SRF, 2016 WL 4987110, at *6 (D. Del. Sept. 16, 2016) (denying motion to compel where the requesting party already had access to the information being sought). It is inappropriate to compel production of documents that are in the requesting party's possession. *Fifth Third Bank v. Bel Air Plaza Assocs., LP*, No. 3:18-CV-114, 2019 WL 1170332, at *2 (W.D. Pa. Mar. 13, 2019) ("It would be inappropriate to compel production of documents that are already possessed by the party seeking discovery). In any event, Air Products confirms that, where it has agreed to produce documents, it will produce them regardless of whether they are also in Defendant's possession.

As explained above, Air Products stands on its objections to Request Nos. 9, 15, 16, 17, 18, 19, 20, 21 and Interrogatory Nos. 3, 6, 7 and 8. These objections are not grounded in admissibility and are instead based on relevancy and proportionality under Rule 26.



Lauren Dunkle Fortunato, Esq.
Page Seven

**VII.    Interrogatory 4 (Item IV)**

Air Products will supplement its response to Interrogatory No. 4, no later than October 20, 2025, now that Defendant has amended this request to correct his error.  To be clear, Air Products was under no obligation to amend Defendant's Interrogatory for him, but will supplement its response now that Defendant has amended the request.

As new counsel, we look forward to the meet and confer we have scheduled for Monday, October 6, 2025.  In the meanwhile, Air Products continues to reserve all rights and waives none.

Best regards,

**DLA Piper LLP (US)**



Michael D. Hynes

CC: All counsel of record (via email)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 21, 2025, a copy of

*Defendant's Motion to Compel with Exhibits A – E,* and *[Proposed] Order*

*Granting Defendant's Motion to Compel* was served on the counsel listed below in

the manner indicated:

### <u>BY EMAIL</u>

John L. Reed, Esq.
Michael A. Carbonara, Jr., Esq.
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
john.reed@us.dlapiper.com
michael.carbonara@us.dlapiper.com

Michael D. Hynes, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
michael.hynes@us.dlapiper.com

**Young Conaway Stargatt**
  **& Taylor, LLP**

*/s/ Ryan P. Newell*
Ryan P. Newell (No. 4744)
Lauren Dunkle Fortunato (No. 6031)
Jason W. Rigby (No. 6458)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
rnewell@ycst.com
lfortunato@ycst.com
jrigby@ycst.com

*Attorneys for Defendant John Carter Risley*

Dated: October 21, 2025